JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-192 PA (JEMx) | Date | January 15, 2015 |
|---|---|---|---|
| Title | Tamarack A&S Properties v. Chrisley Zephr | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS - ORDER

The Court is in receipt of a Notice of Removal filed by defendant Chrisley Zephr ("Defendant") on January 9, 2015. (Docket No. 1.) Plaintiff Tamarack A&S Properties' ("Plaintiff") Complaint for unlawful detainer was originally filed in Los Angeles County Superior Court. Defendant is appearing pro se.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The "burden of establishing federal subject matter jurisdiction is on the party seeking removal." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

In the Notice of Removal, Plaintiff asserts that the case is removable based on 28 U.S.C. § 1331. Plaintiff argues that a "[f]ederal question exists because Defendant's Answer, a pleading depending on the determination of Defendant's rights and Plaintiff's duties under federal law [sic]." This argument is not entirely clear, but even if Defendant intends to raise federal law as a defense to Plaintiff's claim for

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-192 PA (JEMx) | Date | January 15, 2015 |
|---|---|---|---|
| Title | Tamarack A&S Properties v. Chrisley Zephr | | |

unlawful detainer, the adoption of such a defense does not provide grounds for this Court to exercise federal question jurisdiction.  <u>Valles v. Ivy Hill Corp.</u>, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court . . . .").  The Complaint in this action only states a single claim for unlawful detainer.  Such a claim is governed by state law.  Thus, even assuming that Defendant intends to raise federal law as a defense to this claim, there is no basis for federal question jurisdiction.

The Court hereby remands this action to Los Angeles County Superior Court, Case No. 14R11675.  <u>See</u> 28 U.S.C. § 1447(c).

IT IS SO ORDERED.